UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BL RESTAURANT FRANCHISES LLC, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0971-B |
| | § | |
| 510 PARK INC, 12401 RIDGEDALE, INC., FORTNEY HOSPITALITY GROUP, INC., 1328 UPTOWN, INC., MARC R. FORTNEY, ERIC M. FORTNEY, and RONALD M. FORTNEY, | § § § § § § § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION ORDER

Before the Court is Plaintiff BL Restaurant Franchises LLC's (Bar Louie) Amended Motion for Temporary Restraining Order and Preliminary Injunction. Doc. 14. For the reasons that follow, the Court **DENIES** the motion.

## I.

## BACKGROUND[1]

Bar Louie, franchisor of the Bar Louie restaurant system, filed suit against Defendants, three franchisees and the entities they control, who operate or have operated three Bar Louie restaurants, alleging that they breached various provisions in their Unit Franchise Agreements (UFA). Doc. 1, Compl., ¶ 1. Two days after filing suit, Bar Louie filed a motion for a temporary restraining order

---

[1]The facts are drawn from the pleadings and the parties' briefing on Bar Louie's motion. Any contested fact is identified as such.

(TRO) and preliminary injunction seeking to enforce certain terms of the UFAs for the defendants' Ridgedale and Uptown Locations. Doc. 6, Mot. for TRO. The parties resolved the claims against the Ridgedale Location out of court, so Bar Louie filed the amended motion presently before the Court. Doc. 14, Am. Mot. for TRO. In Bar Louie's amended motion, it seeks an injunction only against the Uptown Location to require the defendants to comply with the pre-termination procedures in the restaurant's UFA before closing the restaurant. Doc. 14, Am. Mot. for TRO, 2.

On May 15, 2018, before Bar Louie's motion was ripe, the Uptown Location closed. Doc. 22, Pl.'s App., 1. Bar Louie contends that the closure does not moot its motion because "'where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined the court may by mandatory injunction restore the status quo.'" *Id.* (quoting *Porter v. Lee*, 328 U.S. 246, 251 (1946); *see also Boerschig v. Trans-Pecos Pipeline*, 872 F.3d 701, 704 (5th Cir. 2017)). The Court agrees. And after the Uptown Location closed the defendants filed a response brief, Bar Louie replied, and the Court held a hearing on Bar Louie's motion. Thus, Bar Louie's motion is ripe for review.

## II.

## LEGAL STANDARD

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). To obtain a preliminary injunction, a plaintiff must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat that it will suffer irreparable injury absent the injunction; (3) that the threatened injury outweighs any harm the injunction might cause the defendants; and (4) that the injunction will not impair the public interest." *Enrique Bernat F., S.A.*

*v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). "A temporary restraining order . . . is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that party seeking such relief to establish the same four elements for obtaining a preliminary injunction." *BNSF Ry. Co. v. Panhandle N. R.R. LLC*, 4:16-CV-1061-O, 2016 WL 10827703, at *1 (N.D. Tex. Dec. 30, 2016) (internal quotations omitted).

## III.

## ANALYSIS

Bar Louie and the defendants executed the Uptown Location UFA on October 21, 2011. Doc. 7, Br. in Supp. of Mot. for TRO, 7. The term expires on October 21, 2021. *Id.* But the Uptown Location informed Bar Louie on March 26, 2018 that it intended to close the restaurant. *Id.* Section 19.3 of the UFA provides that "[f]ranchisee may not terminate the Agreement prior to the expiration of its term, except through arbitration as set forth herein, based upon a material breach of the Agreement by the Franchisor." *Id.* at 4. The franchisee must provide the franchisor with written notice of its claim within one year of when it believed the franchisor materially breached the UFA and it must allow the franchisor sixty days to cure. *Id.* Bar Louie claims the Uptown Location did not follow this procedure before closing its restaurant and that it is entitled to injunctive relief requiring the Uptown Location to reopen and comply with § 19.3. *Id.* at 8; Doc. 22, Pl.'s App., 1.

A.   *Section 22.1 of the UFA*

The parties agreed in the UFA that Bar Louie has a right to an injunction in particular circumstances regardless of whether Bar Louie has shown the four elements required to establish a right to injunctive relief. Section 22.1 of the UFA provides that:

> Franchisee recognizes the unique value and secondary meaning attached to the

> System, the Proprietary Marks, standards of operation and Confidential Information (collectively, "Proprietary Property"), and Franchisee agrees that any non-compliance with the terms of this Agreement or any unauthorized or improper use of the Proprietary Property will cause irreparable damage to Franchisor and its franchisees. Franchisee therefore agrees that if it should engage in any such unauthorized or improper use of the Proprietary Property, either during or after the Term, Franchisor shall be entitled to permanent and temporary injunctive relief, without bond, from any court of competent jurisdiction, in addition to any other remedies to which Franchisor may be entitled by law or at equity.

Doc. 1-4, Ex. 3, § 22.1. Bar Louie believes this provision applies to its claims against the Uptown Location. *See* Doc. 7, Br. in Supp. of Mot. for TRO, 21 (using the provision to argue the Court should not require it to post a bond). But the Court disagrees. Section 22.1 provides that Bar Louie is entitled to an injunction if a franchisee engages in "unauthorized or improper use of the Proprietary Property." Doc. 1-4, Ex. 3, § 22.1. "Proprietary Property" is defined as "the System, the Proprietary Marks, standards of operation and confidential information." *Id*. "The System" is defined as Bar Louie trade dress, trademarks, service marks, copyrights, "confidential information, confidential materials, operating systems and methods for merchandising food and beverage products and for operating the Bar Louie Restaurant." *Id*. § 1.1.2. Bar Louie's claims against the Uptown Location do not relate to Bar Louie's Proprietary Property; Bar Louie requests an injunction only to require the Uptown Location to give notice of Bar Louie's alleged material breach of the UFA and an opportunity to cure if the Uptown Location seeks early termination of the UFA. Thus, because Bar Louie's claims do not fall under § 22.1, the UFA does not entitle Bar Louie to an injunction.

Bar Louie also claims it is entitled to an injunction because it has shown it is likely to succeed on the merits, irreparable harm, that its injury outweighs the harm to the defendants, and that an injunction is in the public interest. Doc. 7, Br. in Supp. of Mot. for TRO, 9–10. The Court will examine only likelihood of success on the merits.

B.      *Substantial Likelihood of Success on the Merits*

Bar Louie claims it is likely to succeed on the merits because the Uptown Location breached the UFA by failing to comply with § 19.3. Doc. 7, Br. in Supp. of Mot. for TRO, 13. Construing Bar Louie's claim as one for breach of contract, the defendants respond that Bar Louie is unlikely to succeed on the merits because Bar Louie failed to perform under the UFA, the defendants did not breach the UFA, and Bar Louie cannot prove damages.[2] Doc. 24, Resp., 11–15.

Defendants argue that Bar Louie did not perform under the UFA because it failed to provide "adequate on-site and telephonic support," refused to assist in training managers, and provided only minimal "communication of concept level marketing and advertising plans of action and ideas." *Id.* at 5–6. Specifically, the defendants note that (1) they reached out to Bar Louie's Director of Franchise Operations to request that Bar Louie identify locations where the defendants could send their managers for training and to request that a corporate trainer meet with their managers on-site, but Bar Louie refused to assist, (2) Bar Louie frequently sent marketing materials only a day before the marketing plan was set to start and sent marketing materials with errors rendering them unusable, and (3) Bar Louie's Director of Franchise Operations visited the defendants' locations no more than twice a year and failed to provide any feedback during his visits. *Id.* At 6. Defendants argue that they did not breach the UFA because they did not and do not intend to terminate the UFA. *Id.* at 12. Rather, they closed the Uptown Location simply because it was financially impossible to keep it open. *Id.* Therefore, because they did not terminate the UFA they were not required to

---

[2]"In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014)(internal quotations and alterations omitted).

comply with § 19.3 *Id.* Finally, Defendants argue that Bar Louie cannot establish damages because any claim for future lost profits is purely speculative. *Id.* at 13–14.

The Court finds Bar Louie fails to show substantial likelihood of success on the merits. Because Bar Louie seeks an injunction, it needs to demonstrate only that it was injured; it does not need to prove calculable damages. *See Versata Software, Inc. v. Internet Brands, Inc.*, 902 F.Supp. 2d 841, 859 (E.D. Tex. 2012) ("A claim for breach of contract in which actual damages are not the sole objective . . . does not fail because of the plaintiff's inability to prove monetary loss."). But whether Bar Louie has met its burden to show that it performed under the UFA and the Uptown Location breached the UFA is a closer call. It is true that the defendants do not point to any provisions in the UFA that require Bar Louie to provide the support the defendants sought, but Bar Louie does not refute that it failed to provide such support. Rather, it argues that "not every breach warrants repudiation by the other party," and that the defendants' allegations relate only to the Ridgedale Location. Doc. 32, Reply, 2–3. But the defendants clearly state that Bar Louie failed to support both the Uptown and Ridgedale Locations. *See* Doc. 24, Resp., 5 ("Plaintiff failed to provide the necessary support to Defendants to run the Uptown and Ridgedale Restaurants."). And Bar Louie does not respond to the defendants' argument that they did not need to comply with §19.3 but only reiterates that the defendants did not do so. Doc. 32, Reply, 2.

In order to receive the extraordinary relief it seeks Bar Louie must demonstrate not just a likelihood of success on the merits but a substantial likelihood of success on the merits. *Anderson*, 556 F.3d at 360. This is a heavy burden, and the Court finds that Bar Louie has not clearly carried it. Thus, because the Court finds that Bar Louie has not demonstrated a substantial likelihood of success on the merits of its case, it is unnecessary to address the remaining elements needed for the

Court to grant a preliminary injunction.

## IV.

## CONCLUSION

For the reasons stated above and the reasons stated on the record at the hearing, the Court **DENIES** Bar Louie's Amended Motion for a Temporary Restraining Order and Preliminary Injunction. Doc. 14.

**SO ORDERED.**

**SIGNED: May 24, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE